# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By jburrell at 12:10 pm, Nov 05, 2018

JOHNATHAN RAYMOND CHISHOLM,   )
                              )
    Plaintiff,                 )
                              )
v.                            )   CV417-234
                              )
OFFICER FAZION; CHATHAM COUNTY )
SHERIFF'S DEPARTMENT          )
                              )
    Defendants.                )
                              )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Johnathan Raymond Chisholm brings this 42 U.S.C. § 1983 Complaint alleging Officer Fazion subjected him to excessive force. *See* doc. 1 at 3-4. The Court granted Chisholm's request to pursue his case *in forma pauperis* (IFP), doc. 8, and he returned the necessary forms. Docs. 9 & 10. The Court now proceeds to screen his Complaint pursuant to 28 U.S.C. § 1915A.[1]

---

[1] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

I.   BACKGROUND

Currently confined at Chatham County Detention Center (CCDC), Chisholm alleges that Corrections Officer Fazion "grabbed" him and "slung" him around "for no reason." Doc. 1 at 2 & 3. Chisholm seeks monetary relief in the amount of $1.5 million "for excessive force cruelty to [an] inmate." *Id*. at 4. He alleges that he endeavored to exhaust his administrative remedies but that his grievance was "swept . . . under the rug." *Id*. at 2.[2]

II.   ANALYSIS

Liberally construing his allegations,[3] Chisholm alleges he was

---

[2]   Under the PLRA exhaustion provision, a prisoner must exhaust all available administrative remedies before filing an action that challenges the conditions of his confinement. 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies to all inmate suits about prison life, including those involving excessive force in prison. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Bryan v. Rich*, 530 F.3d 1368, 1372 (11th Cir. 2008).

Chisholm's allegations are, at least on preliminary review, sufficient to satisfy the exhaustion requirement. Where, as here, it is unclear at the pleading stage whether a prisoner or detainee effectively pursued all available avenues of administrative relief, courts allow the case to proceed. *See, e.g., Burke v. Wilcher*, 2017 WL 4452532, at *2 (S.D. Ga. July 12, 2017) (deeming the allegations sufficient to satisfy the exhaustion requirement, at least at preliminary screening stage, because it was "unclear" whether plaintiff had "*fully* exhausted" his remedies, as some of his grievances were "stuck on appeal status.").

[3]   *See Gilbert v. Daniels*, 624 F. App'x 716, 717 (11th Cir. 2015) ("We liberally construe the pleadings of *pro se* parties. . . .") (citing *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014)).

2

subjected to excessive force. Doc. 1 at 4. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment forbidden by the Constitution.[4] *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

The Eighth Amendment's proscription against cruel and unusual punishment governs the amount of force that prison officials are entitled to use against inmates. *See Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). A prisoner must prove both that the prison official's conduct was objectively "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and that the force was used "maliciously and sadistically for the very purpose of causing harm" rather than "a good faith effort to maintain or restore discipline." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (the use of force does not violate the Constitution if it is applied "in a good-faith effort to

---

[4] The Due Process Clause of the Fourteenth Amendment functions to provide pre-trial detainees with essentially the same level of protection as that afforded convicted prisoners by the Eighth Amendment. *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985). It is unclear on the face of the Complaint whether Chisholm is a pre-trial detainee or a convicted prisoner at CCDC. *See* doc. 1 at 2. Regardless, the same legal standard would apply. *Hamm*, 774 F.2d at 1572 (the Eighth and Fourteenth Amendments give equivalent protections against excessive force); *Fennell v. Gilstrap*, 559 F.3d 1212, 1216 n. 5 (11th Cir. 2009) (Eighth Amendment decisional law is also applicable to Fourteenth Amendment claims).

maintain or restore discipline").[5]

A crucial component of this analysis, however, is that a plaintiff must allege that the force used was more than *de minimis*. *Hudson*, 503 U.S. at 9-10. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id.* at 9. While a plaintiff need not suffer a "significant injury" to plead an excessive force claim, *id.* at 7, simply being "grabbed" and "slung around" (doc. 1 at 3) without *any* injury amounts to no more than a *de minimis* use of force.[6] *C.f. Hudson*, 503

---

[5] To determine whether the force was used for the "malicious and sadistic purpose of causing harm" or was applied in good faith, courts consider "the need for the application of force, the relationship between that need and the amount of force used, the extent of injury that the inmate suffered, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response." *Hudson*, 503 U.S. at 7; *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009); *Skelly v. Okaloosa Cty. Bd. of Cty. Comm'rs*, 456 F. App'x 845, 848 (11th Cir. 2012).

The heightened specific-intent requirement of purposeful or knowing conduct for Eighth Amendment excessive force claims is far more stringent than deliberate indifference, often equated with recklessness, that is required for other Eighth Amendment claims. *Hudson*, 503 U.S. at 5-7.

[6] *See, e.g., Horn v. City of Macon*, 2016 WL 4499453, at *11 (M.D. Ga. Aug. 26, 2016), *rev'd on other grounds, Horn v. Barron*, __ F. App'x __, 2018 WL 286108 (11th Cir. Jan. 4, 2018) (*de minimis* force where officers "'slung' or pushed" plaintiff, "grabbed" plaintiff's arm, and "pulled her very quickly"); *Sipsy v. Cook*, 2010 WL 11598146, at *12 n. 8 (N.D. Ga. Feb. 9, 2010) (*de minimis* force where officer "slung" plaintiff into the yard); *see also* S*epulveda v. Burnside*, 170 F. App'x 119, 124 (11th Cir. 2006) (*de minimis* force where officer "jerked" inmate by the ankle while checking his leg shackles)*; Nolin v. Isbell*, 207 F.3d 1253, 1258 n. 4 (11th Cir. 2000)

U.S. at 10 (blows causing bruising, swelling, loosened teeth, and a cracked dental plate suggested more than *de minimis* force). In other words, even taking Chisholm's allegations as true, his encounter with Officer Faizon falls far short of a constitutional violation. *Wilkins*, 559 U.S. at 38 ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim."); *Hudson*, 503 U.S. at 9. The Court's analysis need go no further.[7]

## III. CONCLUSION

Accordingly, the Complaint should be **DISMISSED**.[8] It is also time for Chisholm to pay his filing fee. Since his PLRA paperwork

---

(*de minimis* force where officer "merely grabbed" plaintiff and "shoved him a few feet against a vehicle" then pushed his head against the van, causing minor bruising); *Jones v. City of Dothan, Ala.*, 121 F.3d 1456, 1458 (11th Cir. 1997) (per curiam) (*de minimis* force where officer "slammed" a suspect against a wall and "kicked his legs apart" without provocation).

[7] The Court notes, however, that even had Chisholm raised a cognizable Eighth Amendment claim, the sheriff's department is not an entity subject to suit under § 1983 and would be dismissed from the Complaint. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because sheriff and police departments are not considered legal entities subject to suit); *see Lawal v. Fowler*, 196 F. App'x 765, 768 (11th Cir. 2006) (holding that county sheriff's department is not subject to suit under Georgia law).

[8] To the extent plaintiff believes he can resuscitate his claim, he remains free to submit an Amended Complaint if he believes that it would cure the legal and factual defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n. 3 (S.D. Ga. Jan. 19, 2012).

reflects an average monthly balance of $0.00, doc. 10-1, he does not owe any initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist"). Chisholm's custodian (or designee) shall therefore set aside and remit 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order and Report and Recommendation (R&R) to Chisholm's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to Chisholm's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.

Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this __5th__ day of November, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA