# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

JONATHAN RAYMOND CHISHOLM,

    Plaintiff,

v.

OFFICER FAZION; and CHATHAM COUNTY SHERIFFS DEPARTMENT,

    Defendants.

CIVIL ACTION NO.: 4:17-cv-234

## **O R D E R**

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's November 5, 2018 Report and Recommendation, (doc. 12), to which Plaintiff filed Objections, (doc. 13). For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Report and Recommendation as the opinion of the Court. Consequently, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint, and **DIRECTS** the Clerk of Court to **CLOSE** this case.

In his objections, Chisholm protests that Officer Faizon has since been fired for "punching" another inmate in the face. (Doc. 13.) Thus, Chisholm apparently argues, Faizon's *de minimis* use of force against him should be construed as rising to the level of a constitutional violation. As set forth in the Report and Recommendation, however, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Hudson v. McMillan, 503 U.S. 1, 9 (1992) (requiring a "significant injury" to suggest more than *de minimis* force had been used; in other words, a single throwaway complaint about

his back, without more, does not suggest Officer Faizon's use of force — no matter how unnecessarily applied — rises to constitutional magnitude). Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

Another order of business remains. In his Objections, Chisholm seeks permission to utilize Chatham County Detention Center's law library resources. (Doc. 13.) Prisoners and detainees proceeding pro se are representing themselves, and therefore have a right to meaningful access to the courts, including some right to legal research material. See Bounds v. Smith, 430 U.S. 817, 828 (1977); Bowens v. Sikes, 2017 WL 486266 at *4 (S.D. Ga. Jan. 4, 2017); see also Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998) (deprivation of that right may be actionable where "the prison official's actions which allegedly infringed on an inmate's right of access to the courts [ ] frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim.").

It is unclear both on what basis Chatham County detainees are being denied access to the law library, and what relief Chisholm seeks through his letter motion. The Court cannot provide him with an Order to increase his law library privileges beyond what Chatham County Detention Center deems adequate, even if his Complaint had been authorized for service, as that type of relief is outside the scope of his current lawsuit alleging he has been subjected to excessive force. See doc. 1. In other words, to the extent he has been denied access to legal materials and he seeks redress for that denial, Chisholm must file a separate lawsuit. The Court makes no comment on

the merits of such a potential action. However, to the extent he seeks an order from this Court granting him law library access in this case, the Court denies that motion.

**SO ORDERED**, this 15th day of January, 2019.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA